

FILED
SEP 26 2012
VANESSA L. ARMSTRONG
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

BRIAN WOODCOCK                                                    PLAINTIFF

v.                              Civil Action No. 5:12CV-135-R

KENTUCKY DEPARTMENT OF CORRECTIONS,
Sued for Injunctive Relief;
JOHN AND JANE DOES, KDOC Employees,
Sued in thier Individual Capacities;
Dr. STEVEN HILAND, Physician,
Kentucky State Penitentiary,
Sued in his Individual Capacity; and
CHANIN HILAND, Past APRN,
Kentucky State Penitentiary,
Sued in her Individual Capacity                                  DEFENDANTS

### CIVIL COMPLAINT DEMAND FOR INJUNCTIVE RELIEF

The plaintiff Brian Woodcock, states the following as his complaint:

**Introduction**

1. This is an action for declaratory and injunctive relief and punitive damages pursuant to Titles 28 U.S.C. §§ 1651, 2201; 29 U.S.C. § 701 et seq.; 42 U.S.C. §§ 1983, 1985, 2000d-7(a) and 12131-12165 but not necessarily limited to these statutes and remedies thereunder for the denial of commensurate Hepatitis C Treatment (HCV). The plaintiff is is a state prisoner confined within the Kentucky Department fo Corrections (KDOC) at the Kentucky State Penitentiary (KSP).

**Conditions Precedent to this Action**

2. Plaintiff, by previously having filed this complaint in the form of an administrative grievance through the KDOC grievance process, has satisfied the pre-filing requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

**Jurisdiction & Venue Clause**

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions and § 1334(a)(1-4) for the denial of civil rights and for all relief available under 42 U.S.C. §§ 1983, 1985 and 2000d-7 inclusive of injunctive relief pursuant to 28 U.S.C. § 1651.

4. Venue is proper in this Court because defendants' actions arose in and/or were directed to be enforced at the Kentucky State Penitentiary which is in the Western District. In addition, plaintiff is in custody in the Western District.

**Parties**

5. The plaintiff, Brian Woodcock, is currently and all times relevant hereto, a prisoner incarcerated at KSP, 266 Water St. Eddyville, Kentucky 42038; who is being denied commensurate with society HCV treatment under the premise of defendants' deliberate indifference to his serious medical needs.

6. The defendant, Kentucky Department of Corrections, is a Kentucky State Agency of the Executive Branch of Government and by Executive Order operates under the Justice and Public Safety Cabinet, that is charged with the custody, welfare

and safety of Kentucky's prisoners. The KDOC is being sued for Injunctive Relief as herein demanded, as it is solely responsible for ensuring that state prisoners receive commensurate medical treatment to that of society during the course of their incarceration.

7. The defendant(s), John and Jane Does, are unknown persons believed to be employed by or under private contract with defendant KDOC who have been granted the authority, thus possess a ministerial duty to additionally determine whether or not any particular state prisoner is to be provided commensurate medical treatment to that of society that has been prescribed through the prisoners' primary physician, inclusive of whether to approve or deny new treatments presumably under a cost ratio premise; and are being sued in their Individual Capacities for punitive damages.

8. The defendant, Dr. Steven Hiland, is the primary physician at KSP, who is charged for ensuring the health and well being of state prisoners at KSP, and is under a ministerial duty to provide commensurate with society HCV Treatment to those prisoners who are infected with HCV and showing signs of progression under the KDOC Hepatitis Management Plan and CPP 13.2 § II, A.(1)(2); and is being sued in his Individual Capacity for punitive damages.

9. The defendant, Chanin Hiland, was at those relevant times cited herein the APRN (nurse practitioner) to the defendant primary physician at KSP, who was charged for ensuring the health and well being of state prisoners at KSP, and was

under a ministerial duty to provide commensurate with society HCV Treatment to those prisoners who are infected with HCV and showing signs of progression under the KDOC Hepatitis Management Plan and CPP 13.2 § II, A.(1)(2); and is being sued in her Individual Capacity for punitive damages.

10. With a knowingly designed intent state of mind, each and together in concert, all the named defendants have acted, and continue to act, under the color of state law at all times relevant to this complaint.

**Material Facts**

11. Woodcock requests the Court to take judicial notice pursuant to FRE 201 of the proceedings in <u>Paulley v. Chandler</u>, 3:99-CV-P549-H, wherein the defendant KDOC assured to this Court that it would in the future provide commensurate with society HCV treatment to all Kentucky prisoners infected with HCV.

12. Chronic Hepatitis C infection presents a serious medical need as the condition may lead to liver disease, cirrhosis and ultimately death if left untreated.

13. Persons with infectious diseases are considered "handicapped" under the Rehabilitation Act and have an impairment under the American with Disabilities Act as well.

14. In 2008, after having three successive blood tests showing elevated AST and ALT levels, Woodcock was sent out for a liver-biopsy.

15. On November 24, 2008, a Pathology Report was generated

-4-

      presenting Woodcock with:

      a. Chronic hepatitis C;

      b. Mild periportal inflammation with focal associated lobulitis (grade 2 inflammation);

      c. Minimal portal fibrosis with essentially intact architecture (very early stage I fibrosis);

      d. No increased iron;

      e. Essentially no microvesicular fatty damage. Appendix A

16. Defendant Chanin Hiland went over these results with Woodcock informing him that at that time he was not eligible for HCV treatment as it was in its earliest stages and that periodic blood tests would be taken and his HCV infection would be closely monitored watching for signs of progression. Appendix B

17. On March 5, 2009, lab results determined that Woodcock's AST level was high at 70, and his ALT level was high at 99. Appendix C

18. On September 4, 2009, lab results determined that Woodcock's AST level was high at 48, and his ALT level was high at 73. Appendix D

19. On March 8, 2010, Woodcock was de-ironed 2 units. Appendix E

20. On September 3, 2010, lab results determined that Woodcock's AST level was high at 62, and his ALT level was high at 76. Appendix F

21. In response to ¶17, Woodcock was de-ironed 3 units. Appendix G

22. In 2011, several new drug combinations received FDA approval

for treatment of HCV consisting of polymerase inhibitors, protease inhibitors and NSSA inhibitors.

23. On May 23, 2011, the FDA approved "Incivek" (teleprevir) for use in HCV combination drug treatment therapy.

24. Teleprevir has been shown to rapidly reduce HCV-RNA and consists of 24 weeks of treatment instead of 48 and drops the viral load by 99.9% in less than a week, when combined with Pegasys plus ribavirin it greatly improves the cure rate in HCV Genotype One.

25. Boceprevir, also a new treatment akin to teleprevir was approved by the FDA around this time.

26. Cirrhotic patients who take teleprevir or boceprevir plus pegaylated interferon plus ribavirin have more success with shorter duration of treatment. See Nationally Renown, Dr. Bennett Cecil's website www.hepatitisdoctors.com, June 13, 2011.

27. On November 12, 2011, defendant Chanin Hiland put Woodcock in for his 3-year re-biopsy. Appendix H

28. On December 2, 2011, Woodcock was re-biopsed.

29. On December 5, 2011, a Pathology Report was generated presented Woodcock with:

Chronic hepatits C with minimal portal inflammation and mild periportal fibrosis. Appendix I

30. On December 18, 2011, defendant Chanin Hiland, submitted Woodcock for HCV treatment due to the fact that his re-biopsy showed a progression from F1 to F2 fibrosis. Woodcock was also informed that he qualifies for HCV treatment. Appendix J

31. Defendant Chanin Hiland also requested whether Woodcock could "be treated now with PegIFN/ribavirin, or if he'll have to wait for approval of one of the new protease inhibitors (See, ¶¶22-26). Id.

32. Pursuant to Appendix J, a genotype study was performed and it was determined that Woodcock had Genotype I. Appendix K

33. On March 6, 2012, lab results indicated that Woodcock's AST level was high at 49, and his ALT was high at 75. Appendix L

34. On March 27, 2012, defendant Chanin Hiland generated a Hepatitis Clinic Note document stating "awaiting treatment with 3 drug therapy, informed inmate that I will let him know when we get a contract for the 3rd drug. Appendix M

35. On March 28, 2012, in response to ¶31, Woodcock filed a medical grievance stating:

> On March 27, 2012, I again talked to the nurse practitioner about starting my HCV treatment. In the first part of December 2011, I was taken out for my second liver biopsy. Approximately 3-weeks later I was informed by medical upon review of my biopsy results that I was eligible for treatment and that I had been approved. Regarding yesterday's conversation I was informed the reason I haven't received treatment yet was because they didn't have a contract for the medicine, and she didn't know when they would and I was directed to file a grievance. The KDOC has a centralized HCV Management Plan which is applicable to all state prisons. Once I am eligible and approved for HCV treatment I have a right to receive HCV treatment. I question the matter concerning a contract for the medicine, although new, ie: polymerase, protease, and NSSA inhibitors inclusive of "teleprevir and boceprevir" that are taken in conjunction with pegaylated interferon and ribavirin, this new treatment is currently be provided to inmates at KSR. Appendix N
>
> And Requesting:
>
> I am entitled as approved for and request I receive said

treatment now without any further delay. Id.

36. On April 5, 2012, in response to ¶35 (Appendix N), defendant Chanin Hiland stated:

> Mr. Woodcock was approved for hepatitis C treatment by Dr. Shedlofsky on 12-23-11. He requires the new three drug treatment due to his IL28B Genotype. As of yet, this new medication algorithm or third medication has not been approved as far as any KY DOC provider is aware of. Appendix O
>
> I concur with this grievance as the responses of when the new treatment regimen will begin is uncertain at best. [] Id.

37. On May 24, 2012, in response to Woodcock's appeal of ¶36, the Health Care Grievance Committee agreed with defendant Chanin Hiland's response and that Woodcock "would be informed once the treatment is approved." Appendix P

38. On June 14, 2012, KDOC Medical Director Dr. Doug Crall in response to Woodcock's appeal of ¶37 (Appendix P) stated that he agreed with the resolutions in ¶¶36,37 stating Woodcock has been counseled on this issue. Appendix Q

39. In the last week of June 2012, Woodcock consulted with defendant Dr. Hiland about when he would begin the new HCV treatment and was informed that such treatment would be approved after the beginning of the fiscal year in July 2012.

40. In early July 2012, Woodcock again consulted with defendant Dr. Hiland about when he would begin the new HCV treatment and was informed that such treatment still had not been approved and he didn't know when it would be.

41. In response to ¶40, Woodcock inquired of defendant Dr. Steven Hiland whether he could begin the HCV treatment of

       pegaylated interferon with ribavirin and was informed "no."

42.  As of the date hereto attested Woodcock has not begun any HCV treatment commensurately new inclusive of "teleprevir or boceprivir," or otherwise despite being approved.

**Claims for Relief**

**Count I**    Defendants acting in concert with one another directly and/or indirectly, knowingly with designed intent and purpose constituting deliberate indifference to Woodcock's serious HCV disease failed and/or refused to provide to him constitutionally required medical treatment commensurate with society that he has been approved for, as demanded by the CDC regarding HCV patients violating his protected right under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

**Count II**    Defendants acting in concert with one another directly and/or indirectly, knowingly with designed intent and purpose constituting deliberate indifference to Woodcock's serious HCV disease failed and/or refused to provide to him constitutionally required medical treatment commensurate with society that he has been approved for, as demanded by the CDC and previously adjudicated in <u>Paulley v. Chandler</u> regarding KDOC HCV infected prisoners violating his protected right under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

**Count III**  Defendants acting in concert with one another directly and/or indirectly, knowingly with designed intent and purpose constituting deliberate indifference to Woodcock's serious HCV disease failed and/or refused to provide to him constitutionally required medical treatment commensurate with society that he has been approved for, as demanded by the CDC regarding the providing of such necessary HCV treatment to Woodcock a qualified person with recognized disability under the American with Disabilities Act, Title II, constituting misappropriation of federal funding for providing such HCV treatment resulting in cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution.

**Count IV**  Defendants acting in concert with one another directly and/or indirectly, knowingly with designed intent and purpose constituting deliberate indifference to Woodcock's serious HCV disease failed and/or refused to provide to him constitutionally required medical

treatment commensurate with society that he has been approved for, as demanded by the CDC regarding the providing of such necessary HCV treatment to Woodcock a qualified person with recognized disability under the Rehabilitation Act, constituting misappropriation of federal funding for providing such HCV treatment resulting in cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution.

**Count V**  a) That the acts of commission and omission by the named defendants herein are contrary to the Eighth Amendment to the U.S. Constitution prohibition against cruel and unusual punishment;

b) That the acts of commission and omission by the named defendants are contrary to the American with Disabilities Act, Title II, prohibition against discrimination;

c) That the acts of commission and omission by the named defendants are contrary to the Rehabilitation Act, prohibition against discrimination;

d) That the defendants' acts contrary to the Eighth Amendment, the ADA II, and RA qualify for damages to be assessed against the defendants, each of them and together;

e) That the acts of commission and omission by the named defendants contrary to the Eighth Amendment, ADA II and the RA shock the conscious of the average person, and are ripe for punitive damages.

**Relief Requested**

**Wherefor,** plaintiff requests the Court Grant the following relief:

A. Streamline these proceedings under 28 U.S.C. §1915A, setting definite discovery and dispositive motion deadlines with admonition that the Court will not take to unnecessary delays by acts of any party designed to extend, interfere or obstruct the Court from speedy resolve of the sensitive and life threatening issues hereto involved.

B. Issue a declaratory judgment stating that:

1) The defendants each and together have violated Woodcock's rights under the Eighth Amendment to the U.S. Constitution constituting deliberate indifference.

    2) The defendants each and together have discriminated against Woodcock by denying him commensurate with society HCV treatment violating the ADA II.

    3) The defendants each and together have discriminated against Woodcock by denying him commensurate with society HCV treatment violating the RA.

    4) The defendants each and together have conspired to injure and oppress Woodcock, in the Commonwealth of Kentucky, from his free exercise and enjoyment of his Eighth Amendment right secured to him by the U.S. Constitution, by denying him commensurate with society HCV treatment violating his Civil Rights as found in Title 18 U.S.C. § 241.

C. Issue an Injunction ordering defendants without further delay to:

    1) Immediately arrange for Woodcock to start commensurate to that which is provided to society the new 3-drug HCV treatment consisting of "teleprevir or boceprevir" in combination with pegaylated interferon and ribavirin.

D. Set the matter for jury trial on all issues against all defendants.

E. Award punitive damages in the amount set by a jury.

F. Grant such other relief as it may appear plaintiff is entitled inclusive of all costs, filing and attorney's fees.

**Therefor**, plaintiff so prays the Court Find and Order.

Respectfully submitted,

*Brian Woodcock*
Brian Woodcock
Plaintiff, KSP #108796
266 Water St.
Eddyville, Kentucky 42038

## AFFIDAVIT

I, Brian Woodcock, affiant, the herein named plaintiff hereby declares under 28 U.S.C. § 1746 that the foregoing statements and attached documents are true and correct as they

are personally known to me this 25th day of September 2012.

*Brian Woodcock*
Brian Woodcock

### NOTICE

Notice is hereby given that the original copy of the foregoing was mailed postage prepaid this 25th day of September 2012; to the Clerk of the U.S. District Court, 127 Federal Bldg. 501 Broadway, Paducuah, Kentucky 42001.

Plaintiff waives service upon individual defendants and submits (2) additional complaints with summons. One is to served onto the Office of General Counsel for KDOC, 125 Holmes Rd., 2nd Flr., Frankfort, Kentucky 40601; and the other the Clerk is to hold until Defendant John and Jane Doe are indentified and motion is submitted for joiner and service.

*Brian Woodcock*
Brian Woodcock

