UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00135

BRIAN WOODCOCK                                                      Plaintiff

v.

KENTUCKY DEPARTMENT OF CORRECTIONS, *et al.*       Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff Brian Woodcock's *pro se* "Motion for Vacatur of Order Denying Request for Names of John/Jane Does." (Docket No. 33.) Defendants have not responded, and the time to do so has now passed. This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion will be DENIED.

In his instant Motion, Plaintiff seeks vacatur of the Magistrate Judge's Order entered on June 26, 2013, (Docket No. 29), in which the Magistrate Judge denied Plaintiff's motion to compel, (Docket No. 11). Although Plaintiff brings this Motion pursuant to Fed. R. Civ. P. 60(b), the Court will construe it as seeking relief under Fed. R. Civ. P. 72(a).

BACKGROUND

Plaintiff, an inmate at the Kentucky State Penitentiary, filed this civil rights action on September 26, 2012, alleging that he is receiving inadequate medical treatment for his hepatitis C virus (HCV) condition. In his Complaint filed September 26, 2012, Plaintiff named as Defendants the Kentucky Department of Corrections

(KDOC), Dr. Steven Hiland, and Chanin Hiland. (Docket No. 1, at 2-3.) Plaintiff's Complaint also stated claims against one or more unnamed "John Doe" Defendants, whom he identified as: "unknown persons believed to be employed by or under private contract with defendant KDOC who have been granted the authority; thus possess a ministerial duty to additionally determine whether or not any particular state prisoner is to be provided commensurate medical treatment to that of society that has been prescribed through the prisoners' primary physician, inclusive of whether to approve or deny new treatments presumably under a cost ratio premise." (Docket No. 1, at 3.)

On January 11, 2013, Plaintiff filed a motion to compel identification of those unnamed John Doe Defendants mentioned in his complaint who may have played, or are playing, some role in the decision to deny medication treatment for Plaintiff's HCV condition. (Docket No. 11.) On May 13, 2013, the Magistrate Judge entered an Order to show cause why the Court should not grant Plaintiff's motion to compel. (Docket No. 23.) Defendants responded to that Order, (Docket No. 26), and Plaintiff replied, (Docket No. 28).

The Magistrate Judge issued his ruling on Plaintiff's motion to compel by Order of June 26, 2013. (Docket No. 29.) Therein, the Magistrate Judge denied Plaintiff's motion to compel, reasoning:

> Correct Care Integrated Health, Inc., is the contract vendor tasked with managing healthcare for KSP inmates. Correct Care employs Frederick W. Kemen, M.D., who is the Regional Medical Director for the Kentucky Department of Corrections for Correct Care. See *Runkle v. Kemen*, 2013 WL 2249462, *2 (6th Cir.); *Ward v. Kentucky State Reformatory*, 2013 WL 1221939, *2 (W.D. Ky.).
> Defendants have submitted two affidavits from Dr. Kemen, both given in June, 2013: the first in response to the show cause order (DN 26-1) and the second in response to a pending motion

for injunctive relief filed by Plaintiff shortly after entry of the show cause order (DN 25-1).

Collectively, these affidavits indicate that there are no unknown "John Does" involved in the decision to deny HCV medication treatment in Plaintiff's case: "Medical providers at each DOC [Department of Corrections] facility must follow the Hepatitis Management Plan. Once they determine that an inmate meets criteria for treatment, they send me [Dr. Kemen] a link to the inmate's medical record. I make the final decision whether or not to treat" (DN 26-1).

To the extent medical providers other than Dr. Kemen may have previously denied medication treatment based on an interpretation of the language of the Hepatitis Management Plan, which this Court has implicitly rejected (see DN 22 adopting DN 18), treatment is now being denied by Dr. Kemen for different reasons. Although Dr. Kemen's rationale may require some future clarification, there remain no unknown "John Does" who are responsible for denying Plaintiff medication treatment. According to his affidavit, ultimately, the decision is Dr. Kemen's.

In addition, this Court (Senior District Judge Simpson) has determined that Dr. Kemen's employer, Correct Care, cannot be held liable in a § 1983 action for Dr. Kemen's decision to deny medication unless plaintiff can show that the decision, which presumably rose to the level of deliberate indifference to a serious medical need, was made pursuant to Correct Care policy or custom. *Ward* at *6.

## STANDARD

Federal Rule of Civil Procedure 72(a) provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." In its Order on initial review, the Court referred this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)

for rulings on all nondispositive motions. (Docket No. 6, at 3.) Plaintiff's motion to compel identification of the unnamed John Doe Defendants, (Docket No. 11), was a nondispositive motion. Accordingly, that motion was within the Magistrate Judge's province to rule upon.

Rule 72(a) further states that "[a] party may serve and file objections to the order within 14 days after being served with a copy." When such objections are made, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Thus, the Magistrate Judge's decision to deny Plaintiff's motion to compel is subject to review by the Court under a clearly erroneous or contrary-to-law standard. *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.") Under that standard:

> The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

*Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). In other words, "A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Boudreau*, 564 F.3d 431, 435 (6th Cir. 2009) (quoting *United States v. Gilpatrick*, 548 F.3d 479, 484-85 (6th Cir. 2008)).

DISCUSSION

The Magistrate Judge's decision to deny Plaintiff's motion to compel was neither clearly erroneous nor contrary to law. The Magistrate Judge based his decision primarily on a pair of affidavits from Dr. Frederick Kemen, the Regional Medical Director for KDOC. The Court has reviewed those affidavits in light of Plaintiff's instant Motion. In his affidavit dated June 13, 2013, Dr. Kemen states that "[he] and Dr. Doug Crall, Medical Director for the Department of Corrections, have the authority to modify the Hepatitis Management Plan." (Docket No. 26-1, at 1.) Dr. Kemen further states that: "Medical providers at each DOC facility must follow the Hepatitis Management Plan. . . . I make the final decision whether or not to treat." (Docket No. 26-1, at 1.) And in his affidavit dated June 7, 2013, Dr. Kemen states his reason for deciding to deny Plaintiff the treatment Plaintiff seeks. (Docket No. 25-1, at 1.)

The Court recognizes that "[o]rdinarily, 'a *pro se* litigant is entitled to assistance from the district court in identifying a Doe defendant,'" *Lamb v. Hazel*, 2013 WL 1411239, at *2 (W.D. Ky. April 8, 2013) (quoting *Harris v. Fischer*, 2012 WL 3964706 (S.D.N.Y. Sept. 10, 2012)); however, the Court finds the Magistrate Judge's conclusion that "[c]ollectively, these affidavits indicate that there are no unknown 'John Does' involved in the decision to deny HCV medication treatment in Plaintiff's case," (*see* Docket No. 29, at 2), was supported by evidence in the record, which the Magistrate Judge reasonably construed. Accordingly, the Court finds the decision to deny Plaintiff's motion to compel was not clearly erroneous.

CONCLUSION

Therefore, having considered the Magistrate Judge's Order and Plaintiff's instant Motion for Vacatur, which the Court has construed as seeking relief under Fed. R. Civ. P. 72(a), and having found that the Magistrate Judge's decision to deny Plaintiff's motion to compel was neither clearly erroneous nor contrary to law;

IT IS HEREBY ORDERED that Plaintiff Brian Woodcock's "Motion for Vacatur of Order Denying Request for Names of John/Jane Does," (Docket No. 33), is DENIED.

IT IS SO ORDERED.


Date:

cc:    Brian Woodcock, *pro se*
       Counsel