UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00135

BRIAN WOODCOCK                                                                                   Plaintiff

v.

KENTUCKY DEPARTMENT OF CORRECTIONS, *et al.*                        Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Brian Woodcock's *pro se* "Motion to Reconsider." (Docket No. 36.) In his instant Motion, Plaintiff requests reconsideration of the Court's Order at Docket No. 35, in which the Court adopted the Magistrate Judge's Report and Recommendation and denied Plaintiff's motion for injunctive relief. Although Plaintiff does not identify the authority under which he seeks relief, the Court will construe his present Motion as seeking relief under Fed. R. Civ. P. 59(e).

STANDARD

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under

Rule 59(e). *E.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F. 2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013).

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this Circuit put it, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669

(N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## DISCUSSION

Plaintiff's instant Motion renews his argument that injunctive relief is warranted and that the Magistrate Judge and this Court erred in concluding that he has failed to show a likelihood of success on the merits. This argument has been considered and addressed several times over now. (*See* Docket Nos. 14; 17; 30; 35.) As noted above, "[w]here a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit," *Hitachi Med. Sys.*, 2010 WL 2836788, at *1, and, under the well-settled law of this Circuit, a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead*, 301 F. App'x at 489 (citing *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374), or otherwise to "merely restyle or rehash the initial issues," *White*, 2008 WL 782565, at *1. Quite simply, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). Accordingly, despite the fact that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519 (1972), the Court finds no basis to grant Plaintiff the relief he presently seeks.

Currently pending are Plaintiff's motion for appointment of an expert witness, (Docket No. 32), and motion challenging the constitutionality of the Kentucky Department of Corrections' hepatitis management plan, (Docket No. 34). The Court

notes that Defendants have yet to file a response to those motions. Those motions will be considered and addressed in due course.

## CONCLUSION

Therefore, having considered Plaintiff's Motion to Reconsider, (Docket No. 36), and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Plaintiff Brian Woodcock's Motion to Reconsider, (Docket No. 36), is DENIED.

IT IS SO ORDERED.

Date:

cc: Brian Woodcock, *pro se*
 Counsel for Defendants