UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00135-GNS-LKK

BRIAN WOODCOCK                                                                    PLAINTIFF

v.

KENTUCKY DEPARTMENT
OF CORRECTIONS et al.                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Plaintiff's Motion for Leave to File First Amended (Class Action) Complaint (DN 69). The motion is fully briefed and is now ripe for adjudication. For the reasons set forth below, the motion is **DENIED**.

### I.          FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Brian Woodcock ("Woodcock") is incarcerated at the Kentucky State Penitentiary. (Compl. ¶ 2, DN 1). Plaintiff alleges that the Kentucky Department of Corrections failed to meet its duty to provide proper medical care to him for Hepatitis C in violation of the U.S. Constitution and federal law. (Compl. 9). While Woodcock initially proceeded *pro se*, the Court appointed counsel to represent him in this matter on October 29, 2013. (Order 1, DN 40).

In the initial scheduling order entered by the Court on May 29, 2014, the parties had until November 1, 2014, to amend the pleadings. (Scheduling Order 1, DN 46). After more than 12 months beyond that deadline, Woodcock filed the present motion seeking to amend his Complaint to assert claims against new Defendants, to bring this matter as a class action, and to

assert further allegations in support of his initial claims.  (Pl.'s Mot. for Leave to File First Am. Compl. 1, DN 69).

## II.  JURISDICTION

Woodcock alleges claims arising under, *inter alia*, 42 U.S.C. §§ 1983 and 1985. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

## III.  STANDARD OF REVIEW

"[W]here a party seeks to amend its pleadings after a deadline set by court order, the party is effectively asking the court both to amend the scheduling order and for leave to amend its pleadings, and the party must show good cause in order to procure the court's consent." *Hildebrand v. Dentsply Intern., Inc.*, 264 F.R.D. 192, 198 (E.D. Pa. 2010) (citing Fed. R. Civ. P. 16(b)(4)).  Because the Court had previously entered a scheduling order pursuant to Federal Rule of Civil Procedure 16 dictating the deadlines for amending the pleadings, "that rule's standards control." *Id.* (citing Fed. R. Civ. P. 16(e)).  Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

## IV.  DISCUSSION

Neither party has addressed the applicability of Federal Rule of Civil Procedure 16 to the present motion.  As the Sixth Circuit has noted, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citation omitted)). *See also Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) ("[W]hile the absence of prejudice to a non-moving party may be relevant in determining whether leave to amend should be granted under Rule 15(a), it

does not fulfill the 'good cause' requirement of Rule 16(b)." (quoting *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 218 (N.D. Ind. 1990))).

From the Court's review of Woodcock's motion, however, Plaintiff has failed to satisfy the initial threshold requirement of proving good cause. As one court has explained:

> "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." The "good cause" standard primarily considers the diligence of the party seeking the amendment. In other words, in order to demonstrate "good cause" a party must show that despite their diligence the time table could not have reasonably been met.

*Tschantz*, 160 F.R.D. at 571 (citations omitted). Because Woodcock failed to articulate how he exercised due diligence to obtain the information giving rise to the additional claims and parties he seeks to assert in the First Amended Complaint, Woodcock has failed to meet his burden under Rule 16 to show good cause why his motion to amend was not filed until over twelve months after the deadline for amended pleadings had passed. *See Wilson v. Wal-Mart Stores E., LP*, No. 4:11-CV-00148, 2013 WL 2607113, at *4 (W.D. Ky. June 11, 2013) ("The Court finds that Wal-Mart has not sufficiently shown good cause so as to permit the amendment of the Scheduling Order. Wal-Mart has offered no evidence demonstrating its diligence in attempting to meet the case management order's requirements. It only explains why Gossett will not suffer any prejudice without explaining why it was not able to meet the requirements."); *Hans v. Matrixx Initiatives, Inc.*, No. 3:04-CV-540, 2007 WL 2668594, at *3 (W.D. Ky. Sept. 6, 2007) ("The Plaintiffs seek to append a claim to the Complaint which would require entirely new defenses. The Plaintiffs show no good cause why this claim could not have been voiced earlier."). Accordingly, the Court will deny Woodcock's motion.

4

## V.      CONCLUSION

For these reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint (DN 69) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

July 6, 2016

cc:      counsel of record